## DANIEL DENNY et al. versus THOMAS W. WARD.

Partnership property was attached upon a writ containing the names of three only out of four surviving partners, and the next day the name of the fourth was inserted and a new attachment made upon the same property; but in the mean time another creditor had attached the property upon a writ against the four partners. *Held,* that the first attachment was vacated as against the second attaching creditor.

THIS case came before the Court upon a statement of facts.

On the 9th of November, 1822, the plaintiffs sued out a writ of attachment against J. Leland, J. Morse, S. Hutchinson and L. Morse as surviving partners of N. F. Morse, and delivered it to D. Sherman, a deputy of the defendant, who was then sheriff of this county, and Sherman on the same day at one o'clock P. M. attached property of Leland and the rest

---

[1] *Orleans* v. *Chatham,* 2 Pick. (2d ed.) 29, note 2; *Granby* v. *Amherst,* 7 Mass. R. 3; *Mansfield* v. *Pembroke,* 5 Pick. 449; *Middleborough* v. *Clark* 2 Pick. 28.

as such surviving partners, and returned the attachment on the writ. On the day previous Sherman had attached the same property on a writ in favor of Joel Carter against the same defendants, excepting L. Morse, as surviving partners of N. F. Morse, and on the 9th of November, after the attachment on the writ of the plaintiffs, Carter altered his writ by inserting the name of L. Morse, and Sherman again attached the property upon Carter's writ so altered, and returned his doings, and the circumstances of such alteration, upon each of the writs. The plaintiffs and Carter recovered judgment upon their respective writs and duly delivered their executions to Sherman, who sold the property attached, and applied part of the proceeds in full satisfaction of Carter's execution, and the residue in part satisfaction of the plaintiffs' execution.

*J. Davis* and *A. Denny* for the plaintiffs. The writ, as altered, was the commencement of the action in which Carter recovered his judgment, and his first attachment was void, at least so far as regards a subsequently attaching creditor. *Willis* v. *Crooker*, 1 Pick. 204 ; *Danielson* v. *Andrews*, ibid. 156 ; *Brigham* v. *Este*, 2 Pick. 420. The writ against three only might have been abated, upon a plea in abatement ; and if it should not have been, the partnership property could not have been applied in satisfaction of the judgment in prefer ence to the plaintiffs' judgment. *Pierce* v. *Jackson*, 6 Mass. R. 242.

*Hoar* and *Ward contrà.* The alteration of the writ did not vacate the attachment, because the judgment would have been for the same amount whether the alteration had been made or not ; so that subsequently attaching creditors would not be affected by the alteration. This case therefore differs from those first cited. It is said that the first writ might have been abated ; the Court however would have granted leave to amend. [*Parker* C. J. I doubt if this was a subject of amendment ; it was making new parties.[1]] That might be said if the part nership name had not been given ; which would enable the

Denny
*v.*
Ward.

200

*Oct. 6th*

---

[1] This subject is now regulated by the Revised Statutes, so that new de fendants may be brought in and added, after the suit has been commenced against another or others, without depriving the plaintiff of the benefit of any attachment made or bail taken. Revised Stat. *c.* 100.

Denny
v.
Ward.

Court to see what the party intended and thus prevent fraud. Where there is a dormant partner, if he is not sued with the other partners, the plaintiff may nevertheless take the partnership property. It is for the Court to consider, whether a replication to a plea in abatement, stating that the plaintiff did not know of the dormant partner, would not be sustained. If it would, the alteration is immaterial. The plaintiffs should show that Carter knew that L. Morse was a co-partner with the defendants named in his writ at first.

*Davis*, in reply, said that in the facts agreed it was not stated that L. Morse was a dormant partner, but the contrary was to be inferred.

*Oct. 8th.*

*Per Curiam.* It is clear that the first attachment was vacated. Carter's writ as it stood when first served might have been abated for the non-joinder of L. Morse, and the alteration ought not to be allowed to injure a subsequently attaching creditor.[1]

*Judgment for the plaintiffs.*

---

[1] See *Vancleef* v. *Therasson*, *ante*, 14, note 1; *Brigham* v. *Este*, 2 Pick. (2d ed.) 425, note 2; *Bell* v. *Austin*, 13 Pick. 90. In assumpsit against two or more, the plaintiff cannot amend by striking out the name of one of the defendants. *Redington* v. *Farrar*, 5 Greenl. R. 379. Neither in a writ of entry will the court grant leave to amend by striking out the name of one of the demandants, which has been improperly inserted. *Treat* v. *M'Mahon*, 2 Greenl. 120. See *Peck* v. *Sill*, 3 Connect. R. 157; *Ross* v. *Bates*, 2 Root, 198; *Freeman* v. *Beadle*, 2 Root, 492; *Minor* v. *Woodbridge*, 2 Root, 274; *Waldo* v. *Spencer*, 4 Connect. R. 71; *Burrows* v. *Stoddard*, 3 Connect. R. 431; *Burnham* v. *Savings Bank*, 5 N. Hamp. R. 573; *Sherman* v *Proprietors of Connecticut River Bridge*, 11 Mass. R. (Rand's ed.) 338. But by Revised Stat. *c.* 100, § 7, in any action, founded on contract, brought against several persons, the plaintiff may discontinue as against any of the defendants, and proceed against the others.